

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00105-CV

RICHARD ALLEN NICHOLSON                                    APPELLANTS
AND HELENA MARY NICHOLSON

V.

CITIMORTGAGE, INC.                                            APPELLEE

----------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 14-08061-362

----------

## MEMORANDUM OPINION[1]

----------

Appellants Richard Allen Nicholson and Helena Mary Nicholson attempt to appeal from a February 19, 2015 order granting the home equity foreclosure application of Appellee CitiMortgage, Inc. *See* Tex. R. Civ. P. 736.1. On June 5, 2015, we notified Appellants of our concern that we lack jurisdiction over this

---

[1]*See* Tex. R. App. P. 47.4.

appeal because the order being appealed does not appear to be a final judgment or an appealable interlocutory order. Appellants responded that the order is final and, alternatively, that rule of civil procedure 736.8(c) violates the Texas constitution's open courts provision, unreasonably restrains access to courts, and is illusory.

Rule of civil procedure 736 provides the procedure for obtaining a court order, when required, to allow foreclosure of a lien containing a power of sale. Tex. R. Civ. P. 735.1. Rule 736.8(c) states that an order granting or denying an application under rule 736 "is not subject to a motion for rehearing, new trial, bill of review, *or appeal*." Tex. R. Civ. P. 736.8(c) (emphasis added). Thus, this appeal is expressly precluded by rule 736.8(c). Moreover, the rule is not unenforceable for the reasons articulated by Appellants because it contains a specific procedure for challenging the trial court's order—"Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction."[2] *Id.*; *see also* Tex. R. Civ. P. 736.11(a), (c) (requiring trial court to vacate order upon motion when respondent files separate, original proceeding "that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien

---

[2]Appellants argue that the independent proceeding procedure is illusory and provides "no meaningful access to the courts" because "[w]hen separate proceedings are filed challenging the validity of a lien under Section 50(a) of the Texas Constitution, lenders remove the cases to federal court and then get them dismissed on the grounds that there is a four-year statute of limitations to bring such suits." We decline to disregard rule 736.8(c)'s clear and unambiguous requirement on speculation alone.

sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *see also Wood v. 21st Century Mortg. Corp.*, No. 05-14-01467-CV, 2015 WL 3866634, at *1 (Tex. App.—Dallas June 23, 2015, no pet. h.) (mem. op.) (dismissing appeal for want of jurisdiction); *Statin v. Deutsche Bank Nat'l Trust Co.*, No. 01-14-00142-CV, 2014 WL 5018901, at *1 (Tex. App.—Houston [1st Dist.] Oct. 7, 2014, no pet.) (mem. op.) (same); *McLane v. Washington Mut. Bank*, No. 02-07-00460-CV, 2008 WL 2780665, at *1 (Tex. App.—Fort Worth July 17, 2008, no pet.) (mem. op.) (same).

PER CURIAM

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  July 16, 2015